UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAMIAN AYARZAGOITIA,<br><br>        Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>        Defendant. | Case No. 1:19-cv-000136-BLW<br><br>**SUCCESSIVE REVIEW ORDER** |

Chief Magistrate Judge Ronald E. Bush entered an Initial Review Order in this matter requiring Plaintiff to file an amended complaint. (Dkt. 13.) The Court now reviews Plaintiff's Third Amended Civil Complaint (Dkt. 17) pursuant to the screening standards set forth in the Initial Review Order. For the following reasons, this case will be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### REVIEW OF THIRD AMENDED COMPLAINT

1.         **Factual Allegations**

Plaintiff alleges that he was receiving monthly social security disability insurance survivor benefits based upon the work history of his father, until Plaintiff was

**SUCCESSIVE REVIEW ORDER - 1**

imprisoned. The benefits stopped on May 3, 2017. "Shortly thereafter, [he] sent Social Security Administration a letter requesting an appeal form so [he] could appeal the suspension of [his] benefits." (Dkt. 17, p. 2.) He did not receive a response to his letter. He has not produced a copy of the letter.

Plaintiff asserts that it is cruel and unusual punishment for the government to suspend social security disability payments based upon incarceration. He also asserts that his due process rights were violated, because he did not have an opportunity to pursue an appeal or have a hearing when he requested a form to file an appeal of the suspension of benefits.

2.  **Exhaustion of Administrative Remedies**

To bring a claim in federal court regarding changes in social security benefits, a person is required to exhaust his remedies under the Social Security Act. *See* 42 U.S.C. § 405(g). Exhaustion requires that a person who is denied benefits follow all of the steps to appeal before an administrative law judge and the Appeals Council. *See Hironymous v. Bowen*, 800 F.2d 888, 894 (9th Cir. 1986). Plaintiff has not exhausted his administrative remedies, but blames the Social Security Administration for his failure. Because Plaintiff's claims are otherwise subject to dismissal, the Court need not address the exhaustion issue, which would require factual development of the record.

3.     **Statutory Suspension of Benefits**

Congress intended and provided for the suspension of disability, old-age, retirement, supplemental security income, and survivor benefits to incarcerated citizens.[1] *See* 42 U.S.C. §§ 402(x)(1)(A)(i), 42 U.S.C. § 1382(e)(1)(A); *Schweiker v. Wilson*, 450 U.S. 221, 224 (1981). In other words, *all* social security benefits cease upon incarceration, regardless of the nature of the benefits. *See Eads v. Secretary of DHHS*, 983 F.2d 815, 816 (7th Cir. 1993) ("There are two social security disability benefit programs—Disability Insurance, for people who have qualified for social security benefits by paying social security taxes for the relevant period, and Supplemental Security Income, for people who have not. But the pertinent regulations are the same for the two programs.").

Plaintiff admits that he was incarcerated when the benefits stopped. He further assumes that the benefits stopped because of incarceration. (Dkt. 17, p. 2.) He has no statutory or other right to receive social security benefits in prison. Thus, any claim made

---

[1] The predecessor statute was 42 U.S.C. § 423(f).

**SUCCESSIVE REVIEW ORDER - 3**

under the statute fails to state a claim upon which relief can be granted and will be dismissed with prejudice.

**4.      Eighth Amendment Cruel and Unusual Punishment**

Prisoners are protected by the Eighth Amendment, which prohibits cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). To state a claim under the Eighth Amendment, Plaintiff must state facts showing that he is "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of Defendants' actions. *Farmer v. Brennan*, 511 U.S. at 834.

Plaintiff receives room, board, medical and dental care, disability care and accommodations, and other necessities of life from the Idaho Department of Correction, which is funded by Idaho taxpayers.[2]  Therefore, he cannot complain that the absence of federal social security benefits is cruel and unusual punishment. Idaho taxpayers are also

---

2  If he is not receiving the necessities of life, his remedy is to file a grievance with, and then a lawsuit against, IDOC officials.

federal taxpayers, and Congress intends that they not pay twice for Plaintiff's necessities of life.

Other courts have rejected similar cruel and unusual punishment challenges. *See, e.g., Jones v. Heckler*, 774 F.2d 997, 998 (10th Cir. 1985). This claim will be dismissed with prejudice for failure to state a claim upon which relief can be granted.

5. **Fourteenth Amendment Substantive Due Process**

In *Butler v. Apfel*, 144 F.3d 622 (9th Cir. 1998), a state prison inmate challenged the constitutionality of the suspension-of-benefits statute, and the federal district court dismissed the complaint for failure to state a claim upon which relief can be granted. On appeal, the United States Court of Appeals for the Ninth Circuit held that 42 U.S.C. § 402(x) did not violate substantive due process. *See* 144 F.3d at 625 & n.1. The Court rejected that due process argument because there is a rational basis for the statute—conserving social security resources—and the fundamental needs of inmates such as food, shelter, clothing, and medical care are provided during the period of incarceration. *Id*.

The Fourth, Eleventh, Second, Tenth, and Eighth Circuits have held likewise. *Id*. This Court agrees. The substantive due process claim will be dismissed with prejudice for failure to state a claim upon which relief can be granted.

6.  **Fourteenth Amendment Procedural Due Process**

Plaintiff asserts that he did not have access to an appeal process when the Social Security Administrative failed to provide him with an appeal form. This claim is subject to summary dismissal based on the facts alleged in the Third Amended Complaint and because amendment would be futile.

In *Butler*, the prisoner appealed, and he was afforded only a telephonic hearing. He complained that he should have been afforded an in-person hearing. However, the Ninth Circuit court determined that, because the "statute leaves no room for discretion [and] the only issue is whether [the benefits recipient] is a convicted felon serving time in prison," any argument for additional due process protections fails. *Id*.

Likewise, here, Plaintiff claims that the Social Security Administration should have sent him an appeal form. He produces no copy of the letter and shows no effort on his part to follow up or otherwise file an appeal without a form within the proper time frame. For example, he does not show that he sent a second letter stating that he did not receive a form and that he desired that his letter be considered an appeal. He did not send a letter asking for his appeal time to be re-instated, given his lack of an appeal form.

The Court concludes that sufficient procedural due process protections for Plaintiff

existed regarding the availability of an appeal, and he has produced no facts showing that any appeal would have been successful, given his admission of incarceration when the benefits ceased. This claim will be dismissed for failure to state a claim upon which relief can be granted, as the law is clear that admission of incarceration equals cessation of benefits—with no room for other arguments.

7.  **Fourteenth Amendment Equal Protection**

Plaintiff also alleges an equal protection argument. The Ninth Circuit rejected the plaintiff's equal protection argument in *Butler v. Apfel. See* 144 F.3d at 625. The court reasoned that the "government's proffered motive, conserving welfare resources, is legitimate and its actions rationally related to that motive." *Id*. at 626.

Further, this Court rejects Plaintiff's argument that incarcerated felons eligible for social security benefits are not similarly situated to probationers or parolees, because prisoners' necessities of life are paid for by the state, and probationers and parolees must pay for their own room, board, necessities, and supervisory costs of probation or parole. This claim is frivolous and fails to state a claim upon which relief can be granted.

## 8. Conclusion

Plaintiff's Eighth Amendment cruel and unusual punishment claim, his Fourteenth Amendment substantive and procedural due process claims, and his Fourteenth Amendment equal protection claim fail to state a claim upon which relief can be granted and subject to dismissal with prejudice. Accordingly, the entire case will be dismissed with prejudice.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Third Amended Complaint (Dkt. 17), and this entire case, are DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

2. Plaintiff's Motion for Extension of Time (Dkt. 16) is GRANTED. The Third Amended Complaint is deemed timely filed.

3. The Motions in the Social Security Procedural Order (Dkt. 5) are DENIED as MOOT.



DATED: November 27, 2019

B. Lynn Winmill
U.S. District Court Judge

4.